[Crim. No. 2533. Second Appellate District, Division One.—July 16, 1934.]

THE PEOPLE, Respondent, v. SIDNEY GETZOFF, Appellant.

Chotiner & Chotiner for Appellant.

U. S. Webb, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

CONREY, P. J.— The sole ground of appeal is that the evidence is insufficient to support the verdict. Appellant contends that the case for the People depends wholly upon the testimony of the witness Ray Pinker, an expert chemist. It appears that in connection with the burglary of a grocery store a small safe was broken open and the contents taken away. The defendant's place of residence was in another part of the city, but on the night of the burglary he and another man rented a room in a lodging-house over the gro-

cery store. But they disappeared therefrom before morning. The defendant registered at the lodging-house under an assumed name not his own.

The witness Pinker was a chemist in the employ of the police department of the city of Los Angeles. He made an examination of the safe and its contents as found after the burglary, and also of certain debris taken from the cuff of a pair of trousers which were proved to be the property of appellant. In the safe he found fire-clay, chips of steel, etc., and in the dark trousers "he found the same objects". He also found in the safe a small portion of a button of similar substance to buttons on a jacket belonging to appellant, from which jacket one of the buttons had been removed, and apparently had been torn out by the threads. The witness testified that the chipped portion of the button which he found in the safe corresponded in color, ultra violet fluorescence, "and joined, that is, in shape and size, to two of the buttons on the jacket". It is not necessary to extend this opinion by describing the various items of circumstantial evidence outside of the testimony of the witness Pinker, which tend to prove that appellant was one of the men who committed the burglary. We are satisfied that the evidence is sufficient to sustain the verdict.

The judgment and the order denying defendant's motion for a new trial are, and each of them is, affirmed.

Houser, J., and York, J., concurred.